L. P. LONDON v. BOARD OF COMMISSIONERS OF YANCEY COUNTY.

(Filed 31 January, 1928.)

**Appeal and Error — Disposition After Remand — Proceedings in Lower Court.**

> When a case is remanded to the end that evidence to a certain finding of fact by the judge be made to appear in the record, and the opinion of the court is complete, the trial judge is confined to the particular point, and his inclusion of extrinsic matter will be disregarded.

CIVIL ACTION, before *Parker, J.,* at June Term, 1927, of YANCEY.

The following judgment was rendered: "This cause coming on for hearing, and in accordance with the decision of the Supreme Court, wherein the opinion says that this case is remanded to the Superior Court of Yancey County for specific findings as to whether the board of commissioners of said county in their corporate capacity made a supplemental contract or authorized the chairman or any other person to make it, and being heard, the court finds the following facts:

That the transactions and dealings by and between the plaintiff and the defendants relative to the road in controversy on 7 May, 1923, were between the plaintiff and said board on that date while said board of commissioners of three members—two of them were present, to wit, J. W. Wheeler, chairman, and Hooker Proffitt—were acting in their corporate and official capacity and at a meeting and during the meeting of said board of county commissioners of Yancey County.

The court further finds as a fact that the board of county commissioners of said county did not and have not at any time in their corporate capacity made the supplemental contract, and did not and have not at any time authorized the chairman or any other person to make it.

And upon the findings of fact theretofore entered by his Honor, Judge A. M. Stack, and these findings of fact, it is considered and adjudged that the plaintiff recover of the defendants the sum of $698, with interest thereon from 13 June, 1923, and the costs of this action up to and including the time of filing the answer, at which time the defendants in their answer tendered said amount and the costs, since said tender are taxed against the plaintiff. Said costs to include an allowance of $100 to Hon. W. C. Ervin, referee."

From the judgment rendered the plaintiff appealed.

*Pless, Winborne, Pless & Proctor for plaintiff.*
*Charles Hutchins for defendant.*

BROGDEN, J. This cause was considered by the Court upon a former appeal, which is reported in 193 N. C., p. 100. Exceptions were duly filed to the report of the referee and the cause was thereafter heard by Judge Stack in term.

Judge Stack made the following findings: "And it is found that the commissioners by their action and the action of the engineer, and by their acquiescence in the written statement of plaintiff, and by requiring plaintiff to build the road upon a new route, contracted to compensate him for his additional expense and loss by reason of such requirement."

The opinion of the Court in the former appeal, remanding the case, stated: "The only question, therefore, to be determined is whether there is evidence to support this finding of fact, that the board of commissioners made a supplemental contract with the plaintiff." And, further, "the cause is remanded to the Superior Court of Yancey County for specific findings of fact as to whether the board of commissioners of said county, in their corporate capacity, made the supplemental contract or authorized the chairman or any other person to make it."

The plaintiff testified in the former hearing that a supplemental contract was made by the commissioners in the engineer's office. It did not appear that the commissioners were acting in their official capacity in making such contract or merely discussing the matter informally as individuals. If the commissioners at that time were acting in their official capacity, then the testimony of plaintiff tended to establish a valid agreement. From the present hearing, pursuant to the order remanding the case, Judge Parker, as will appear from the judgment rendered, found as a fact that the board of commissioners were acting in their official capacity at the meeting at which plaintiff testified the supplemental contract was made. Therefore, there was evidence to support Judge Stack's finding in the former appeal. The opinion in the former appeal further declared: "If the board of commissioners of Yancey County were duly assembled and made the alleged agreement with the plaintiff, or if the board of commissioners authorized its chairman or any other person to give a letter of instructions directing the work to be changed, and agreeing to pay a fair compensation therefor, then the plaintiff is entitled to recover the amount allowed."

At the present hearing, it having been found that the commissioners were duly assembled in their corporate capacity, and the plaintiff having testified at the former hearing that a supplemental contract was made at such meeting, it necessarily follows that there was evidence to support Judge Stack's findings, and the judgment rendered by him must stand.

In finding that no supplemental contract had been made, Judge Parker extended the inquiry beyond the limitation prescribed in the former opinion.

Upon a consideration of the entire case the judgment of Judge Stack at the former hearing is affirmed, and the judgment of Judge Parker, rendered upon the present hearing, is affirmed, except to that portion of said judgment finding as a fact that the board of commissioners of Yancey County did not make a supplemental contract and did not authorize the chairman or any other person to make it. This portion of Judge Parker's judgment is reversed for the reason stated herein.

Modified and affirmed.